**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| MONIQUE TILLIS, Individually and On Behalf of All Similarly Situated Persons,<br>        Plaintiff, | § | |
| | | |
| V. | § | CIVIL ACTION NO. 4:19-cv-1059 |
| | | |
| GLOBAL FIXTURE SERVICES, INC. And DOLGENCORP OF TEXAS, INC.,<br>        Defendants. | § | JURY DEMANDED |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

This is an action arising under the Fair Labor Standards Act of 1938 ("FLSA"), brought both as an individual action and collective action to recover unpaid overtime compensation, liquidated damages, and attorney's fees owed to Plaintiff Monique Tillis and all other similarly situated employees ("Members of the Class") employed by, or formerly employed by Defendants, its subsidiaries and affiliated companies.

**Parties**

1.      Plaintiff Monique Tillis ("Tillis"), a current employee of Defendants, is personally engaged in interstate commerce during her employment with the Defendants, and is represented by the undersigned.

2.      Defendant Global Fixture Services, Inc. ("Global") is a Texas corporation and an "employer" as defined by the FLSA.  With respect to Plaintiff, Global is subject to the provisions of the FLSA.  Global was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. §§ 203(r) and (s), and had gross

annual revenues in excess of $500,000.00.  Global may be served through its registered agent, Registered Agent Solutions, Inc., at 1701 Directors Blvd., Suite 300, Austin, TX 78744.

3.      Defendant Dolgencorp of Texas, Inc. ("Dolgencorp") is a Kentucky corporation and an "employer" as defined by the FLSA.  With respect to Plaintiff, Dolgencorp is subject to the provisions of the FLSA.  Dolgencorp was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. §§ 203(r) and (s), and had gross annual revenues in excess of $500,000.00.  Dolgencorp may be served through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

## Jurisdiction and Venue

4.      This Court has federal jurisdiction under the FLSA.

5.      Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendants and Plaintiff transacted business within this judicial district and some of the events underlying this complaint occurred within this judicial district.

## Factual Allegations

6.      Dolgencorp of Texas, Inc. (a/k/a Dollar General) is one of a number of corporations formed for the purpose of operating Dollar General stores around the country – presumably, the entity sued herein operates Dollar General stores in Texas.  Plaintiff anticipates adding additional "Dolgencorp" entities when they learn through the discovery process all of the states in which Global has performed services in Dollar General stores.

7.      Global Fixture Services, Inc. is a company that performs services, upon information and belief, solely at Dollar General stores. Global hires crews of approximately 12 individuals to "re-set" Dollar General stores.  A re-set involves removing all merchandise from a

Dollar General store and putting it in a storage container brought on site for that purpose, removing all shelving, coolers and other fixtures. One crew member is called the "lead contractor," and is the point person for dealing with the Dollar General representative and generally in charge of the crew and their work. Each crew spends a week or so on each re-set, beginning on Saturday and finishing the following Thursday, Friday, or occasionally Saturday. The crew then rebuilds and rearranges ("re-sets") shelving, coolers and fixtures according to the new Dollar General – determined arrangement, and then puts the merchandise back on the shelves.

8.      Global crew members are classified by Global as "independent contractors." Each such individual is assigned a weekly payment by Global for each reset. This payment is solely determined by Global and does not vary unless Global decides to change it. The crews and their members are assigned by Global to the location that they are to re-set, and are supervised in their work by both Global and Dolgencorp employees. At each re-set, a Dolgencorp employee is present to oversee the re-set process, and that individual exercises total control over the re-set process, directing the Global workers in their work, and has the authority to direct Global to terminate a crew member if they wish.

9.      Each week, Global issues a "purchase order" to each crew member for the weekly pay amount that Global has determined each such individual is to be paid. The crew members are then required to sign such purchase order and return it to Global in order to be paid. In addition, each crew member is required to get a "sign-off" from the Dolgencorp representative on site in order to get paid for that week. The crew members have no ability to increase their profit or loss due to their own efforts, and their pay is totally controlled by Global.

10.      During each of the three years prior to this complaint being filed, Defendants

were enterprises engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

11.     During each of the three years prior to this complaint being filed, Defendants regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §§203(r) and (s).

12.     At all times pertinent to this Complaint, Plaintiff was individually engaged in commerce and her work was essential to Defendants' business(es).

13.     During each of the three years prior to this complaint being filed, Defendants conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

14.     During each of the three years prior to this complaint being filed, Defendants' employees used goods, tools, equipment or materials that traveled in interstate commerce, that is, goods, tools, equipment or materials that were made or manufactured outside the state of Texas.

15.     Plaintiff Monique Tillis has been employed by Global as a contractor and then lead contractor since the company was formed in November of 2015 or soon thereafter, and worked for its predecessor, Nationwide Retail Services, Inc. before that.  Tillis's duties include, but are not limited to, rearranging products inside the store, installing new fixtures and installing shelves for the merchandise.  Her duties also include being the point person to deal with the Dollar General representative on site and to ensure that the crew she is leading is performing its work in an efficient manner.

16.     During her tenure with the Global, Plaintiff has regularly worked in excess of 40 hours per week.

17.     Although she regularly works in excess of 40 hours per week, Plaintiff has not been paid an overtime premium for hours worked over 40 hours per workweek.

18.     At all times relevant hereto, the Defendants knew of, approved of, and benefited from Plaintiff's regular and overtime work.

19.     Defendants are jointly and severally liable to the Plaintiff and the Members of the Class, as defined below, for the damages sought herein, as the Defendants are a joint enterprise as defined in terms of the FLSA.

### Plaintiff's Individual Allegations

20.     Plaintiff and her co-workers were misclassified by Global as independent contractors, when they should have been classified as employees.  By misclassifying Plaintiff and her co-workers, Global deprived them of the overtime pay that they were due.  In addition, by misclassifying Plaintiff, Global failed to pay the employer's portion of Social Security and Medicare taxes, as well as, presumably, unemployment taxes.  In addition to depriving Plaintiff of benefits legally due to her, Global has also gained an unfair advantage over competitors by its illegal actions.  As a matter of economic reality, Plaintiff and her co-workers are "employees" of Global under the FLSA.

21.     Dolgencorp is jointly liable to Plaintiff and her co-workers as joint employers. The Dolgencorp representative on site at each re-set exercises complete control over the work being performed by Global's crew.  The Dolgencorp representative controls the work and workflow, gives orders to crew members, disciplines and berates crew members, just as if the crew members were employees of Dolgencorp.  The Dolgencorp representative also has the right to determine whether a crew member is terminated from employment, and determines whether or not crew members are paid by signing off on the work orders.

22.     Plaintiff was entitled to be paid her regular wages and to be paid an overtime premium for all work performed during the hours worked over forty-(40)-hours in each workweek.

23.     Global failed to pay the Plaintiff the required overtime premium in most such workweeks that the Plaintiff was employed by Global, as the Plaintiff worked in excess of 40 hours in most weeks.

24.     No exemption excuses the Defendants from paying Plaintiff for all time spent and work performed during the hours she worked, and the Defendants have not made a good faith effort to comply with the FLSA.

25.     The Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation with respect to Plaintiff.   Such practice was and is a clear violation of the FLSA.

26.     Defendants' actions were willful and in blatant disregard for Plaintiff's federally protected rights.

## Collective Action Allegations

27.     Other employees have been victimized by the Defendants' pay practices and policies that are in willful violation of the FLSA.   A number of these employees have worked with Plaintiff.   Thus, Plaintiff is aware that the illegal practices or policies of the Defendants have been imposed on the Members of the Class.   Specifically, through speaking with other employees, Plaintiff is aware that Defendants make a regular practice of not paying the required overtime premium for hours worked over 40 in a workweek, but instead pays all other employees on the same basis as the Plaintiff.

28.     The Members of the Class performed work that is similar in nature to that

performed by Plaintiff; these individuals worked alongside the Plaintiff performing the same type of work that the Plaintiff performed.   Accordingly, the employees victimized by the Defendants' unlawful practices are similarly situated to Plaintiff in terms of their job duties.

29.    Further, each member of the class was paid according to a common payment scheme.   Thus, although the amount of damages may vary from individual to individual, the damages can be calculated by using a single mathematical formula that is individually applicable to each Member of the Class.   The Members of the Class are, therefore, similarly situated in terms of pay provisions.

30.    The Defendants' failure to pay its employees as required by the FLSA resulted from a generally applicable policy that does not depend on the personal circumstances of the Members of the Class.   This generally applicable policy is prohibited by the FLSA.   Thus, Plaintiff's experience is typical of the experiences of the Members of the Class.

31.    No justification or exemption excused the Defendants from paying the Members of the Class for all work performed and time spent working, and the Defendants did not make a good faith effort to comply with the FLSA.   The Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation with respect to the Members of the Class.

32.    Accordingly, the class of similarly situated Plaintiffs is properly defined as:

**All persons employed as contractors or lead contractors by Defendant Global Fixture Services, Inc. who performed work at any Dollar General location during the three-year period preceding the filing of this Complaint.**

**CAUSE OF ACTION**

**<u>Violation of the FLSA – Failure to Pay Overtime Wages Owed</u>**

33.     Defendants violated the FLSA by failing to properly compensate Plaintiff and Members of the Class for work performed in the employ of the Defendants.

34.     Plaintiff and Members of the Class have suffered damages as a direct result of Defendants' illegal actions.

35.     Defendants are liable to Plaintiff and all Members of the Class for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for the three-year period preceding the filing of this lawsuit.

**<u>Demand for Jury</u>**

36.     Plaintiff demands a trial by jury.

**<u>Prayer for Relief</u>**

WHEREFORE, Plaintiff and all employees similarly situated who join in this action demand:

1.     Issuance of notice as soon as possible to all persons engaged by Global Fixture Services, Inc as contractors or lead contractors and who performed work at any Dollar General location during the three-year period immediately preceding the filing of this Complaint.  Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid correctly for work performed or hours worked during any portion of the statutory period;
2.     Judgment against Defendants for an amount equal to Plaintiff's and the Members of the Class's unpaid overtime wages at the applicable rate;
3.     An equal amount to the overtime wage damages as liquidated damages;
4.     Judgment against Defendants that their violations of the FLSA were willful;
5.     To the extent that liquidated damages are not awarded, an award of prejudgment interest;
6.     All costs and attorney's fees incurred prosecuting these claims;
7.     Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;
8.     Leave to amend to add claims under applicable law; and
9.     For such further relief as the Court deems just and equitable.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY-IN-CHARGE FOR
PLAINTIFF MONIQUE TILLIS**

**OF COUNSEL:**
Vijay Pattisapu
TBA No. 24083633
S.D. Tex. No. 1829615
vijay@buenkerlaw.com
**THE BUENKER LAW FIRM**
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY FOR PLAINTIFF
MONIQUE TILLIS**