IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MONIQUE TILLIS, Individually and On Behalf of All Similarly Situated Persons,<br>  Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. 4:19-cv-1059 |
| GLOBAL FIXTURE SERVICES, INC. And DOLGENCORP OF TEXAS, INC.,<br>  Defendants. | §<br>§ | JURY DEMANDED |

## JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND DISMISSING CASE WITH PREJUDICE

Plaintiff Monique Tillis ("Tillis"), Defendant Global Fixture Services, Inc. ("Global") and Defendant Dolgencorp of Texas, Inc. ("Dollar General") (collectively the "Parties") file this Joint Motion to Approve Settlement Agreement and Dismissing Case with Prejudice. In support of their Motion, the Parties respectfully show the Court as follows:

### I. Introduction

Plaintiff and Defendants have reached a Settlement Agreement ("Agreement") with respect to this Fair Labor Standards Act ("FLSA") case. The Agreement represents 28 months of litigation, motion practice, discovery, trial preparation, and intensive settlement negotiation. If approved, it will provide meaningful monetary relief to Plaintiff and Opt-In Plaintiffs (collectively the "Settlement Class Members") and reprieve to Defendants by

1

eliminating the need for either party and their representatives to remain involved in protracted and expensive litigation.

This Agreement is the compromise of disputed claims and does not constitute an admission by either Defendant of any violation of any Federal, state, or local statute or regulation; of any violation of the Settlement Class Members' rights; or any duty owed by either Defendant to the Settlement Class Members. Defendants expressly deny the Settlement Class Members' claims, dispute the Settlement Class Members' entitlement to recover any damages, and disagree with the Settlement Class Members as to, for example and without limitation: the number of hours the Settlement Class Members actually worked; whether the Settlement Class Members were properly classified as independent contractors; whether Dollar General was a joint employer of the Settlement Class Members; whether Defendants' alleged FLSA violations were made in good faith and on reasonable grounds; and whether Defendants' alleged FLSA violations were willful.

The Parties have entered into the Settlement Agreement as a compromise to avoid the risks, distractions, and costs that will result from further litigation. For these reasons, the Parties jointly request the Court approve their Agreement and dismiss the Settlement Class Members' claims with prejudice, subject to the Court's continuing jurisdiction to ensure compliance with the terms of the Settlement Agreement. The Agreement is attached to this Joint Motion as Exhibit 1.

## II. Argument and Authorities

A. *The Parties have agreed upon the terms of a formal settlement agreement.*

The Agreement has already been agreed upon and executed by the Parties. Under the Agreement, the amounts have been allocated to each Settlement Class Member based upon the number of workweeks that Global's records show they worked. The Settlement Class Members will receive, via regular U.S. Mail, a check for their payment, for which an IRS Form 1099 will be issued. The Settlement Class is only made up of Plaintiff and Opt-In Plaintiffs who joined this case as of the opt-in notice cut-off date.

B. *The settlement represents a reasonable compromise of this litigation.*

The Agreement provides the Settlement Class Members with a substantial recovery for their alleged unpaid overtime wages, which is commensurate with the disputed nature of the Settlement Class Members' claims. Defendants dispute the Settlement Class Members' claims as to liability and amount.

All Parties are represented by experienced counsel. Class Counsel has served as lead counsel in numerous large-scale wage and hour class/collective actions in this and other judicial districts. The Parties and their respective Counsel agree the Agreement is a fair and reasonable compromise of the claims alleged by the Settlement Class Members in light of the procedural posture of the case, the litigation risks, and the litigation costs to all Parties. The Parties have engaged in arm's-length and extend settlement negotiations spanning several months. Because the settlement is a fair and reasonable compromise and adequately compensates the participants for the unpaid overtime hours alleged by the Settlement Class Members, the Parties seek entry of the submitted Order Approving

Confidential Settlement. The Agreement is a fair and reasonable resolution of a *bona fide* dispute.

The Fifth Circuit has set out six factors for evaluating settlement proposals: (1) whether the settlement was a product of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the state of the proceedings and the amount of discovery completed; (4) the factual and legal obstacles [to] prevailing on the merits; (5) the possible range of recovery and the certainty of damages; and (6) the respective opinions of the participants, including class counsel, class representative, and the absent class members. Parker v. Anderson, 667 F.2d 1204, 1209 (5th Cir. 1982).

First, the settlement is a product of the extended and intensive negotiations by the Parties. Settlement discussions began in earnest starting in late May 2021, and continued via multiple telephone conferences and emails among counsel until an agreement was reached in principle on July 21, 2021. There was no fraud or collusion by any Party to obtain this resolution.

Regarding Factors 2 through 5, this case was settled after almost 30 months of motion practice, discovery, trial preparation, settlement negotiations and related effort by the Parties and their Counsel. Prior to settlement, the Parties litigated various complex and disputed issues, such as time worked, independent contractor status, the economic realities of the Parties' relationship, good faith, willfulness, and potential damages. The parties engaged in extensive motion practice and discovery, including the motion for conditional certification, the motion for summary judgment, written discovery propounded by and to each Party, approximately 12 depositions, and a significant amount of trial preparation,

including preparation and filing of the joint pretrial order. If the case were not settled, there would be extensive work to be done to continue to prepare for and conduct the jury trial that was set to commence on August 16, 2021. The Parties engaged in significant work, recognized and appreciated the risks in proceeding if this case were not settled, and recognized that their settlement represented a compromise of the range and certainty of damages.

Finally, that this settlement is in the best interest of the Class Members is an opinion shared by Class Counsel and the Settlement Class Members, as further demonstrated by the endorsement of the Agreement by Plaintiff Tillis.

C.   *Attorney fees and litigation expenses are reasonable.*

Class Counsel seeks $198,577.38 in attorneys' fees. Defendants agree that this is a fair and reasonable fee award. In evaluating an attorneys' fee award, the Court may look at the factors set forth in Johnson v. Georgia Hwy. Exp. Inc., 488 F.2d 714, 717-20 (5th Cir. 1974). The Johnson factors include the following of import to this case: (1) the time and labor required; (2) the novelty and difficulty of the questions posed; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; and (10) awards in similar cases.

Regarding the time and effort required of Class Counsel (factors 1 and 7), this matter was pending for almost two and one-half years where substantial discovery occurred

(including significant written discovery and 12 depositions), the parties engaged in voluminous briefing on conditional certification and motion for summary judgment, a significant amount of pre-trial work was completed (witness and exhibit lists, deposition designations, trial briefs, and jury instructions) and the parties engaged in in prolonged and robust settlement negotiations for almost two months.

Second, the FLSA mandates an award of attorneys' fees and costs in the event of plaintiffs' recovery for unpaid wages. In this matter, Class Counsel expended in excess of 657 hours for total fees exceeding $250,000.00 with respect to the above-noted tasks, in addition to meeting with and communicating with class members, preparing them for depositions, and preparing discovery responses. Given the amount of work required to prosecute this case, the parties agree the time involved is appropriate and reasonable. Furthermore, Class Counsel's skill, knowledge, reputation, and experience (factors 2, 3, and 9) are well-recognized in FLSA cases such as this.  The Settlement Class attorneys have considerable experience prosecuting and settling FLSA cases, and in this case, were particularly well-informed as to the facts and circumstances of the litigation and the risk of not prevailing at trial.  See Cotton v. Hinton, 559 F.2d 1326, 1330 (5th Cir. 1977) (holding that a court is "entitled to rely upon the judgment of experienced counsel for the parties in assessing a settlement and "absent fraud, collusion, or the like, should be hesitant to substitute its own judgment for that of counsel"); Shaw v. CAS, Inc., No. 5:17-cv-142, 2018 WL 3621050, at *3 (S.D. Tex, Jan. 31, 2018) (preliminarily approving settlement where counsel believed settlement was reasonable and adequate based on "comprehensive knowledge of the facts and legal issues"); Liger v. New Orleans Hornets NBA Ltd. P'Ship.,

No. 05-1969, 2009 WL 2856246 at *4 (E.D. La. Aug. 28, 2009) ("The Court is entitled to rely on the judgment of experienced counsel in its evaluation of the merits of a … settlement.") (internal citations omitted).

Finally, "the most critical factor in determining a fee award is the degree of success obtained" (factor 8).  Singer v City of Waco, Tex., 324 F.3d 813, 829 (5th Cir. 2003).  The degree of success here is high because Global and Dollar General vigorously contested the Settlement Class Members' claims and denied that the Settlement Class Members were improperly classified, paid, underpaid, or that any alleged damages are owed, requiring the Settlement Class Members to litigate this matter for over two years before the matter could be settled.

For these reasons, the Parties agree that a fee of $198,577.38, is reasonable and necessary in this case. Class Counsel also seeks reimbursement of their advanced litigation expenses of $3,332.62, to which Defendants do not object.

### III. Conclusion

The Parties believe that the Settlement Agreement is a fair and reasonable compromise of the respective positions of the Parties.  The Parties therefore respectfully request the Court enter the proposed order approving the settlement and dismissing the case with prejudice.

Respectfully Submitted

**THE BUENKER LAW FIRM**

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile
jbuenker@buenkerlaw.com

*Attorneys for Plaintiffs*

**WALLER LANSDEN DORTCH
 & DAVIS, LLP**

*/s/ Andrew S. Naylor*
Andrew S. Naylor  (admitted pro hac vice)
Stanley E. Graham (admitted pro hac vice)
John J. Park (Texas Bar No. 24087058)
Southern District Bar No. 1084141
511 Union Street, Suite 2700
Nashville, Tennessee 37219
Phone:  (615) 244-6380
Fax:  (615) 244-6804
john.park@wallerlaw.com
stan.graham@wallerlaw.com
andy.naylor@wallerlaw.com

*Attorneys for Defendant, Dolgencorp of Texas, Inc.*

*/s/ Charles C. Frederiksen*
Charles C. Frederiksen
TBA No. 07413300
14801 Quorum Drive, Suite 500
Dallas, Texas 75254-1449
972-419-8300 Telephone
972-419-8329 Facsimile
cfrederiksen@gpm-law.com

*Attorney for Defendant, Global Fixture Services, Inc.*

8

## CERTIFICATE OF SERVICE

    I hereby certify that on September 1, 2021, I caused a copy of the foregoing document to be filed with the Court using ECF, of which opposing counsel of records is a member.

                                        */s/ Andrew S. Naylor*
                                        Andrew S. Naylor